UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LINDA CHAPMAN, et al.,<br><br>Defendant. | No. 2:23-cv-00814-DAD-JDP<br><br>ORDER GIVING EFFECT TO THE PARTIES' STIPULATION FOR INTERPLEADER RELIEF<br><br>(Doc. No. 20) |

This matter is before the court on the joint stipulation for interpleader relief pursuant to Rule 22 and Rule 67 of the Federal Rule of Civil Procedure filed by plaintiff Prudential Insurance Company of America ("Prudential") and defendants Linda Chapman and Briana Bishop ("Adverse Claimants") on May 17, 2024. (Doc. No. 20.)

Having considered the parties' stipulation and good cause appearing, the court hereby orders as follows:

1. Within twenty-one (21) days of Prudential's receipt of this order, Prudential shall distribute to the Clerk of this Court check(s) equal to the sum of $66,679.59 ("Death Benefit"), representing the Death Benefits due as a result of the death of Judith Nelson ("Insured") pursuant to life insurance policies numbers 33963509 and 70844280 (the "Policies"), plus applicable interest, if any (together the "Interpleader Funds");

1

2. The Clerk of this Court shall deposit the Interpleader Funds into an interest-bearing account and maintain the same pending further orders of the court;

3. Upon distribution of the Interpleader Funds, Prudential shall be, and hereby is, discharged from any and all liability to the Adverse Claimants relating to the Policies, Interpleader Funds and/or the Death Benefit and all claims, rights, interests and actions that Adverse Claimants might otherwise have held against Prudential and its present and former agents, parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Death Benefit, Interpleader Funds and/or the Policies are hereby released;

4. The Adverse Claimants are hereby permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that the for, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Prudential with respect to the Policies, Interpleader Funds and/or the Death Benefit;

5. Prudential Insurance Company of America is hereby dismissed from this action, with prejudice, and any and all claims against Prudential relating to the Policy, Interpleader Funds and/or the Death Benefit are dismissed with prejudice, without fees or costs to any party;

6. This action shall proceed only on the Adverse Claimants' claims to the funds deposited by Prudential, and distribution thereof; and

/////

/////

/////

2

7. Judgment shall be entered as to plaintiff Prudential Insurance Company of America in accordance with Fed. R. Civ. P. 54(b), there being no just reason for delay.

IT IS SO ORDERED.

Dated: **June 14, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE